UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. MACIEL,<br><br>           Petitioner,<br><br>   v.<br><br>JAMES A. YATES,<br><br>           Respondent. | 1:05-CV-1117 REC LJO HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. #1] |

On September 1, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner raises several claims in his petition. In his first claim, he contends his medical disability status was maliciously changed. In his second and third claims, he argues that prison authorities wrongfully found him guilty of a rules violation. As a result, he was given "C" status which precludes him from earning sentence credits. In his fourth and final claim, he contends the trial court erred when it refused to appoint an attorney when Petitioner made a motion for appointment of counsel.

**DISCUSSION**

I. Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

## II. Civil Rights Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In his first ground for relief, Petitioner claims prison staff have maliciously altered his medical disability status. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief on this claim and it must be dismissed.  Should Petitioner wish to pursue this claim, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## III. Unclear Claim

In his fourth ground for relief, Petitioner complains that the trial court erred in denying his motion for the appointment of counsel.  With respect to this ground, Petitioner fails to raise a cognizable federal claim. 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

From the exhibits, it appears Petitioner's motion for counsel was presented to the Lassen County Superior Court; however, it is impossible to determine the manner of the proceeding in which this motion was brought. Petitioner is serving the instant sentence as a result of a conviction from the Norwalk County Superior Court; therefore, the action in Lassen County could not concern the underlying conviction. In addition, the motion does not concern the hearing on the Rules Violation Report. Thus, the claim must be dismissed. See Bernier v. Moore, 441 F.2d 395, 396 (1st Cir.1971) ("Habeas corpus is a special proceeding to right wrongs, not a routine procedure to search for them, nor a means of requiring the federal courts to review, as a matter of course, state proceedings.")

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Grounds One and Four be DISMISSED from the petition for writ of habeas corpus for failure to allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 4, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE