1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

| | | |
|---|---|---|
| JAMES D. MACIEL, | ) | 1:05-CV-1117 REC LJO HC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| JAMES A. YATES, | ) | [Doc. #16] |
| | ) | |
| Respondent. | ) | |
| | ) | |

13
14
15
16
17
18

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254.

21                                **BACKGROUND**

22      Petitioner is currently in the custody of the California Department of Corrections at the

23  Substance Abuse Treatment Facility located in Corcoran, California. With this petition, Petitioner

24  does not challenge the underlying conviction; rather, he challenges a decision of prison officials

25  which removed him from Total Medical Disability ("TMD") status. Petitioner claims he was unable

26  to attend an assigned education program because of his medical problems. As a result, he was found

27  guilty of a rules violation and is now precluded from earning credits towards his sentence.

28

1    Petitioner sought relief through administrative appeals within the prison system. On

2    October 31, 2001, the final administrative appeal was denied. See Exhibit A, Respondent's Motion

3    to Dismiss (hereinafter "Motion"). On March 14, 2002, Petitioner filed a petition for writ of habeas

4    corpus in the Lassen County Superior Court. See Exhibit B, Motion. He was denied relief and

5    continued through the state courts until he filed a petition in the California Supreme Court on

6    April 1, 2003. See Exhibit C, Motion. On October 15, 2003, the petition was summarily denied. Id.

7    On September 1, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. On

8    October 4, 2005, the undersigned issued a Findings and Recommendation that recommended

9    Grounds One and Four be dismissed from the petition. On December 28, 2005, the District Court

10   adopted the recommendation in part and dismissed Ground Four. Respondent was then directed to

11   file a response to the petition. On April 12, 2006, Respondent filed a motion to dismiss the petition

12   as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).

13   Petitioner filed an opposition to Respondent's motion to dismiss on May 11, 2006.

14                                    **DISCUSSION**

15   A.  Procedural Grounds for Motion to Dismiss

16   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

17   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

18   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

19   The Supreme Court and the Ninth Circuit have allowed respondents to file a motion to

20   dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies

21   or being in violation of the state's procedural rules. See Lonchar v. Thomas, 517 U.S. 314, 325

22   (1996); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to

23   dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir.

24   1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default).

25   Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

26   should use Rule 4 standards to review the motion.

27   In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

28   one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

U.S. District Court
E. D. California          cd                              2

1  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

2  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

3  dismiss pursuant to its authority under Rule 4.

4  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

7  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

8  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

9  586 (1997).

10          In this case, the petition was filed on September 1, 2005, and therefore, it is subject to the

11  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

12  seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended,

13  § 2244, subdivision (d) reads:

14          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The
15        limitation period shall run from the latest of –

16                  (A) the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;

17
                (B) the date on which the impediment to filing an application created by
18      State action in violation of the Constitution or laws of the United States is removed, if
        the applicant was prevented from filing by such State action;
19
                (C) the date on which the constitutional right asserted was initially recognized by
20      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or
21
                (D) the date on which the factual predicate of the claim or claims presented
22      could have been discovered through the exercise of due diligence.

23          (2) The time during which a properly filed application for State post-conviction or
        other collateral review with respect to the pertinent judgment or claim is pending shall
24      not be counted toward any period of limitation under this subsection.

25  28 U.S.C. § 2244(d).

26          In most cases, the limitations period begins running on the date that the petitioner's direct

27  review became final. In this case, Petitioner's administrative appeals became final when the

28  Director's Level Appeal Response was issued on October 31, 2001. See Exhibit A, Motion. The one-

1    year statute of limitations commenced the next day, on November 1, 2001. Redd v. McGrath, 343

2    F.3d 1077, 1082 (9th Cir.2003) (Statute of limitations begins the day after the administrative appeals

3    are concluded). Therefore, Petitioner had one year until November 1, 2002, absent applicable tolling,

4    in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed filing the

5    instant petition until September 1, 2005, nearly 3 years beyond the due date.  Absent any applicable

6    tolling, the instant petition is barred by the statute of limitations.

7    C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

9    for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

10   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

11   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

12   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

13   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

14   state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

15   1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

16   statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

17   petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

18   U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or

19   determined by the federal courts to have been untimely in state court will not satisfy the requirements

20   for statutory tolling. Id.

21         As stated above, the statute of limitations began to run on November 1, 2001. On March 14,

22   2002, Petitioner filed a habeas petition in the Lassen County Superior Court. See Exhibit B, Motion.

23   At that point, 133 days of the limitations period had expired. Respondent concedes the limitations

24   period was tolled for the time the first state habeas petition was filed in superior court until the

25   California Supreme Court denied the petition on October 15, 2003. See Cal. R. Ct. § 29.4(b)(2).

26   Therefore, statute of limitations recommenced on October 16, 2003. With 232 days remaining, the

27   statute of limitations expired on June 4, 2004. As previously stated, the instant federal petition was

28   not filed until September 1, 2005, which was 454 days beyond the statute's expiration. The instant

1   petition is therefore untimely.

2         Petitioner contends the statute should be tolled for the time his civil rights complaints were

3   pending in federal court.[1] However, Petitioner is not entitled to tolling for the time his complaints

4   were pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181 (2001).

5   D.  Equitable Tolling

6         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

7   he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

8   way."[2] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96

9   (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain

10  v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears

11  the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan,

12  297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

13        Assuming it is available, Petitioner is not entitled to equitable tolling because he fails to

14  demonstrate any extraordinary circumstance which would have prevented him from timely

15  complying with the statute of limitations. While it appears that Petitioner has been diligently

16  pursuing his remedies with respect to his civil rights actions, he presents no extraordinary

17  circumstance which stood in his way or otherwise prevented him from timely filing the instant

18  petition for writ of habeas corpus. Indeed, Petitioner concedes having filed over fourteen (14) cases

19  in the federal courts with respect to the underlying claims. See p. 4, Petitioner's Opposition.

20        Petitioner appears to claim he was ignorant of the law; nevertheless, this is not sufficient to

21  justify equitable tolling.  See, e.g., Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,

22  1288-89 (9th Cir.1997), *overruled on other grounds by* Calderon v. United States Dist. Court

23  (Kelly), 163 F.3d 530 (9th Cir.1998) (en banc); Hughes v. Idaho State Bd. of Corrections, 800 F.2d

24

25        [1]As requested by Petitioner, the Court hereby takes judicial notice of the following cases: Maciel v. Sanchez, et al.,

26  case no. 2:02-CV-00144-DFL-JFM; and Maciel v. Prebula, et al., case no. 2:02-CV-02675-MCE-PAN.

27        [2]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available
    under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of

28  argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125
    S.Ct. at 1814 n. 8.

905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) ("it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing."); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Warren v. Lewis, 365 F.3d 529, 532 (6th Cir.2004), *quoting* Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991) ("[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.").

Accordingly, Petitioner is not entitled to equitable tolling and the petition remains untimely.

E.  Exhaustion

Respondent also contends that Petitioner failed to present any federal issue to the California courts.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

1
2
3
4
5

  In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6
7

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

8
9
10
11
12
13
14
15

  Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
  In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

16

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

17

  In the instant petition before the Court, Petitioner raises three grounds for relief which may

18

be cognizable on federal habeas review. However, Respondent correctly asserts that Petitioner never

19

made the federal basis of his claims known to the California Supreme Court. A review of the petition

20

reveals Petitioner never cited, analyzed or even mentioned federal law to the court. The petition was

21

entirely based on state law and regulations. Therefore, any federal claim raised before this Court is

22

unexhausted. The petition must be dismissed. 28 U.S.C. § 2254(b). Because Petitioner has also

23

violated the statute of limitations, the dismissal should be with prejudice.

24

**RECOMMENDATION**

25

  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

26

GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's

27

failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to exhaust

28

state remedies.

1   This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United

2   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

3   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

4   California.

5   Within thirty (30) days after being served with a copy, any party may file written objections

6   with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

7   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

8   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

9   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

10   parties are advised that failure to file objections within the specified time may waive the right to

11   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12   IT IS SO ORDERED.
IT IS SO ORDERED.

13

**Dated:    May 19, 2006**                            _/s/ Lawrence J. O'Neill_
14   b9ed48                                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28