UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES D. MACIEL, | ) | 1:05-CV-01117 OWW LJO HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #21] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| JAMES A. YATES, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 22, 2006, the Magistrate Judge issued Findings and Recommendation that recommended Respondent's Motion to Dismiss be GRANTED, and the petition be DISMISSED with prejudice for violating the one-year statute of limitations and for failure to exhaust state remedies. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On August 11, 2006, Petitioner filed objections to the Findings and Recommendation.

Petitioner first contends the petition should not be dismissed for untimeliness, because he should be granted equitable tolling. He claims he was unable to timely file his federal habeas petition because he did not have access to his legal materials and property.

According to the Magistrate Judge's Findings and Recommendation, the instant federal petition is untimely by 454 days. The statute of limitations expired on June 4, 2004, and the petition was not filed until September 1, 2005. Petitioner contends he should be granted equitable tolling from September 18, 2003, the date he was transferred to High Desert State Prison, until July, 2005, when he acquired a copy of the petition he filed in the California Supreme Court, because he was denied access to his legal property during this time. In support of his contention, Petitioner submits a number of exhibits. These exhibits demonstrate that Petitioner's legal materials which were contained in some 20-24 boxes, were not available to him during the relevant time period. Petitioner also states he filed approximately 14 federal civil rights cases in the past several years to secure his legal property. It is apparent that Petitioner has experienced substantial problems accessing his legal property.

Nevertheless, the Court does not find that Petitioner should be entitled to equitable tolling. As set forth in the Findings and Recommendation, equitable tolling is available if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005). Petitioner has demonstrated that he has had great difficulty in accessing his legal property, and this can be viewed as an extraordinary circumstance. However, the Court does not find that the circumstance "stood in his way." Throughout his objections, Petitioner complains that he has been litigating his property issues for many years. The exhibits Petitioner provides demonstrate that he has been litigating his property claims since at least the year 2000. See Exhibit B, Petitioner's Objections. According to his objections, Petitioner states he still did not have access to his legal property when he filed the instant petition. See p. 8, Petitioner's Objections. Yet despite being denied access to his boxed legal materials, Petitioner states he completed his federal petition on August 4, 2005, after his son provided him a copy of the petition he filed in the California Supreme Court only two to three weeks earlier. See p. 8, Petitioner's Objections ("Again, Petitioner submitted yet another appeal (Dated:

1   July 9, 2005) requesting access to his property . . . . During the time that this appeal was still
2   pending, Petitioner's son learned of my dilemma and acquired a copy (somehow) of Petitioner's
3   petition from the California Supreme Court and had forward this to me, which finally allowed
4   Petitioner to work on his petition at the end of July, 2005, which he submitted to this honorable
5   Court on August 4, 2005.")  Therefore, Petitioner has not demonstrated that his lack of legal
6   materials stood in his way, for it only took two to three weeks and a copy of the state petition to
7   complete his federal petition. At any point after the denial of the habeas petition by the California
8   Supreme Court, Petitioner could have attempted to secure a copy of the petition and then file his
9   federal petition. Moreover, the complaints he alleges in his federal petition are entirely factual; no
10  case law is cited. In fact, Petitioner summed up his argument in his objections in only one paragraph.
11  See pp. 1-2, Petitioner's Objections. It is clear Petitioner could have filed his federal petition at any
12  time after the California Supreme Court denied his state habeas petition. Instead, Petitioner set aside
13  his federal legal remedies and opted to pursue extensive litigation with respect to his legal materials.
14  On this basis, the Court does not find that the limitations period should be equitably tolled some 454
15  days.

16      Petitioner also objects to the Magistrate Judge's recommendation that the petition be
17  dismissed for failure to exhaust state remedies. Petitioner alleges he fairly presented the federal bases
18  of his claims to the state courts. However, as pointed out by the Magistrate Judge, Petitioner did not
19  make the federal basis of his claims known to the California Supreme Court. In his state habeas
20  petition, Petitioner did not cite, analyze or even mention federal law to the state court. The petition
21  was entirely based on state law and regulations. Therefore, any federal claim raised before this Court
22  is unexhausted, and the petition must be dismissed. 28 U.S.C. § 2254(b).

23      Petitioner argues that District Judge Robert E. Coyle ruled that Ground One may present a
24  cognizable federal claim. Therefore, he contends, the state court must have done the same. This is
25  not the rule. According to Supreme Court and Ninth Circuit jurisprudence, the petitioner must have
26  specifically told the state court that he was raising a federal constitutional claim. Duncan v. Henry,
27  513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247
28  F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d

1240, 1241 (9th Cir.1998). A claim is not fairly presented and thus exhausted unless Petitioner specifically indicated to the state court that the claim was based on federal law. <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 22, 2006, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss the Petition is GRANTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

4. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   August 25, 2006**          **/s/ Oliver W. Wanger**
emm0d6                                  UNITED STATES DISTRICT JUDGE